UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MELVIN PRINCE, JR., | CASE NO. 5:18 CV 533 |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| v. | |
| PATRICIA A. COSGROVE, Judge, et al., | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

On March 7, 2018, plaintiff *pro se* Melvin Prince, Jr., an inmate at the Belmont Correctional Institution, filed this civil rights action against Judge Patricia Cosgrove, Assistant Prosecutor Jay A. Cole, Judge Carla Moore, and Judge Jennifer Hensal. Plaintiff filed a Motion to Amend Complaint on April 9, 2018, clarifying that he is suing defendants in their individual capacity. While the allegations in the complaint are not clear, plaintiff asserts violation of his rights under Ohio law and the Constitution in connection with his prosecution and conviction in the Summit County Court of Common Pleas. He seeks to be "[restored] to the position he occupied before defendants committed the wrongs stated herein." Complaint, p.5.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to

satisfy federal notice pleading requirements.  *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  *Beaudette*, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973).  Further, to the extent plaintiff might seek damages for relief, defendants are absolutely immune from liability for actions taken within the scope of their official duties.  *Pierson v. Ray*, 387 U.S. 547 (1967) (judges); *Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutors).  The complaint does not contain allegations reasonably suggesting defendants acted outside the scope of those duties.

Accordingly, this action is dismissed under section 1915A.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

       IT IS SO ORDERED.


May 1, 2018                                                   */s/ John R. Adams*
                                                              JOHN R. ADAMS
                                                              UNITED STATES DISTRICT JUDGE